# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES E. MCNAIR,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:23-cv-00505-MW-MAF**

**K. JOHNSON,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, James E. McNair, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case with a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. The court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. The court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. Dismissal is proper because Plaintiff failed to truthfully disclose his federal litigation history.

**I.   Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## II. Plaintiff's Initial Complaint, ECF No. 1.

Plaintiff sued K. Johnson, a female nurse practitioner at Liberty Correctional Institution, solely in her individual capacity. ECF No. 1, pp. 1-2. Plaintiff alleged that for several years, he was treated for sarcoidosis, which affects his lungs. Id., pp. 5-7. Numerous tests confirmed Plaintiff's diagnosis. Id., p. 5. Plaintiff received breathing treatments, prednisone, and

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

prescription inhalers. Id., p. 5-6. According to Plaintiff, the inhalers were not effective, but the prednisone worked. Over some years, doctors gradually decreased the dosage; and Defendant eventually discontinued Plaintiff's prescription altogether in 2020. Id., pp. 5-7.

Plaintiff had a persistent cough and difficulty breathing. Id., p. 7. Plaintiff claims that by December 2022, his condition deteriorated so much so that he was hospitalized. Id., pp. 7-8. Doctor Webster informed Plaintiff he had an enlarged heart and showed signs of heart disease. Id., p. 8. A pulmonologist informed Plaintiff his sarcoidosis progressed to the point he likely needed oxygen. Id. Defendant still refused to prescribe Plaintiff prednisone. Id. Defendant diagnosed Plaintiff with an aneurism on his heart, but the hospital physician told Plaintiff it was a large lymph node caused by sarcoidosis and prescribed prednisone. Id., p. 9. A few weeks later, Defendant discontinued the prednisone. Id., p. 10. Plaintiff alleges he was able to obtain prednisone while housed at other institutions including Lake Butler Reception and Medical Center. Id., pp. 5, 10.

Plaintiff alleges Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Id., p. 11. Plaintiff seeks $300,000 in compensatory damages and $150,000 in punitive

damages. Id., pp. 11-12. Plaintiff did not fully disclose his federal litigation history. Id., pp. 14-17.

## III. Plaintiff's Affirmative Misrepresentation.

Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff signed the complaint under the penalty of perjury. ECF No. 1, pp. 17-18.

"Section VIII, Prior Litigation," on the complaint, provides the following warning:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals— may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Id., p. 13.

Question C asks, "Have you filed any other lawsuit in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" Id., p.15. Plaintiff answered, "Yes." Id. Plaintiff listed cases from Florida's Fifth District Court of Appeals and Marion County

Circuit Court. Id., p. 16 Plaintiff also listed two federal cases in which he sought habeas relief pursuant to 28 U.S.C. § 2254: M.D. Fla. No. 5:21-cv-82-SPC-PRL, McNair v. Sec'y, Fla. Dep't of Corr. and M.D. Fla. 5:10-cv-00638-MSS-PRL, McNair v. Sec'y Fla. Dep't of Corr. Id., pp. 16-17. However, there are at least two other federal cases Plaintiff failed to disclose.

First, Plaintiff did not disclose federal case M.D. Fla. No. 5:10-cv-00638-MSS-PRL in which he first sought habeas relief. The court dismissed the case the next day as premature. M.D. Fla. No. 5:10-cv-00638-MSS-PRL, McNair v. Sec'y, Fla. Dep't of Corr., et al, D.E. No. 2. Three months later, Plaintiff filed a second habeas petition, which he did disclose, namely, M.D. Fla. No. 5:10-cv-00638-MSS-PRL.

Second, Plaintiff did not disclose his appeal of M.D. Fla. No. 5:21-cv-82-SPC-PRL, McNair v. Sec'y, Fla. Dep't of Corr. Plaintiff moved for leave to file an out-of-time motion for reconsideration of the Eleventh Circuit's order issued in June 2023, denying a certificate for appealability. Given the recency of this appellate decision, there is no reason Plaintiff could not disclose the case information. This court will not provide the case information for this appeal or other cases, if any, because it is Plaintiff's obligation to do so. Suffice to say, Plaintiff did not disclose either case and

is required to do so.

Plaintiff knew that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose one prior case, and disclosed another prior case but not that it was dismissed as frivolous,

malicious, failing to state a claim, or prior to service).

IV. **Conclusion and Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** as malicious because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2023.

> s/ Martin A. Fitzpatrick
> MARTIN A. FITZPATRICK
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).