IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES E. MCNAIR,

    *Plaintiff*,

v.   Case No.: 4:23cv505-MW/MAF

K. JOHNSON,

    *Defendant.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 9, and has also reviewed *de novo* Plaintiff's objections, ECF No. 10.

The Magistrate Judge recommends that Plaintiff's case be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because he failed to disclose two prior federal habeas cases—namely, federal case M.D. Fla. No. 5:10-cv-00638-MSS-PRL (a 28 U.S.C. § 2254 petition) and his appeal in federal case M.D. Fla. No. 5:21-cv-82-SPC-PRL (another § 2254 petition). ECF No. 9 at 6. In his objection, Plaintiff concedes that he failed to disclose federal case M.D. Fla. No. 5:10-cv-00638-MSS-PRL. ECF No. 10 at 1. Plaintiff disputes, however, that he failed to follow the form complaint's instructions by failing to failure to disclose his appeal in M.D. Fla. No. 5:21-cv-82-SPC-PRL. Specifically, Plaintiff argues that he

was not required to disclose his appeal in that case in his response to the form complaint's prompt in section VIII.C. because, in his view, it was not an appeal challenging his conviction. *See id.* at 2.

Plaintiff's objection fails. The prompt in section VIII.C. of the form complaint specifically asks the litigant to disclose "any other lawsuit, habeas corpus petition, *or appeal* in state or federal court either challenging your conviction or relating to the conditions of your confinement[.]" ECF No. 1 at 15 (emphasis added). The underlying habeas petition qualifies as a case "challenging your conviction or relating to the conditions of your confinement," so any "appeal" from a denial of that habeas petition merits disclosure under this section as well. Plaintiff failed to disclose two previous federal cases, which merits dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious. Other district courts have explained why accurate disclosure of past litigation is important.

> [Information about previously filed cases] is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). And, as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted); *see also Hood*

2

*v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (agreeing with district court's conclusion that allowing prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

*Cochran v. Moore*, No. 7:21-CV-00129-HL-TQL, 2021 WL 5985324, at *3 (M.D. Ga. Nov. 10, 2021), *report and recommendation adopted,* 2021 WL 5985321 (M.D. Ga. Dec. 16, 2021).[1] Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 9, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. The Clerk shall enter judgment stating, "Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury."

3. The Clerk shall note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike.

---

[1] This Court is cognizant that other circuits require that, in order to qualify as malicious under § 1915(e)(2)(B)(i), a *pro se* prisoner litigant's omission of a prior lawsuit must be material. *See, e.g.*, *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 880 (7th Cir. 2019). Plaintiff's omissions here appear to fall below this materiality standard, as neither of his omitted cases seem to bear on his present 42 U.S.C. § 1983 claims. The Eleventh Circuit, however, does not yet require that an omitted suit be material before a case can be dismissed as malicious under § 1915(e)(2)(B)(i). *Cf. Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012).

4. The Clerk shall close the file.

**SO ORDERED on December 28, 2023.**

<u>s/Mark E. Walker</u>       
**Chief United States District Judge**